ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
U.S.D.C. Atlanta
DEC 5 2017
JAMES N. HATTEN, Clerk
By: ___ Deputy Clerk

| UNITED STATES OF AMERICA | Criminal Indictment |
|---|---|
| v. | No. 1:16-CR-00065-ELR-CMS |
| NATHAN E. HARDWICK IV | (First Superseding) |

THE GRAND JURY CHARGES THAT:

## COUNT ONE
### Conspiracy to Commit Wire Fraud

1.  From in or about 2011 through in or about August 2014, in the Northern District of Georgia and elsewhere, the defendant,

NATHAN E. HARDWICK IV,

did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with Asha R. Maurya and with others known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud MHSLAW, Inc. and its subsidiaries, Morris Hardwick Schneider, LLC and LandCastle Title, LLC, (collectively referred to in this Indictment as "MHS"), and to obtain money and property from MHS by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts, in violation of Title 18, United States Code, Section 1343.

2. At all times relevant to this Indictment:

a. MHS owned and operated a law firm that specialized in residential real estate closings and foreclosures, and it sold title insurance.

b. MHS employed approximately 250 people in 16 states.

c. Defendant HARDWICK was an attorney, and he was the majority owner of MHS.

d. Defendant HARDWICK was also the managing partner of the law firm and the CEO of the title insurance business.

e. Defendant HARDWICK ran the law firm's closing division, which was based in Atlanta, Georgia.

f. Asha R. Maurya managed MHS's accounting operations under the supervision and control of defendant HARDWICK.

g. MHS maintained two different types of bank accounts:

- operating accounts, which held funds belonging to MHS; and
- trust accounts, which held funds belonging to MHS's clients.

h. The main MHS trust account was SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account." "IOLTA" is an abbreviation for "Interest on Lawyers Trust Accounts."

## OBJECT OF THE CONSPIRACY

3. The object of the conspiracy was for defendant HARDWICK to steal money from MHS's accounts, and for Maurya to assist him in doing so.

## MANNER AND MEANS

4. It was part of the conspiracy that:

a. Defendant HARDWICK used MHS as his personal piggy bank and illegally siphoned off millions of dollars from MHS's accounts to pay his personal debts and expenses and to finance his extravagant lifestyle.

b. In so doing, defendant HARDWICK caused and directed Maurya to wire transfer millions of dollars from MHS to many different people and businesses for defendant HARDWICK'S personal use and benefit, including defendant HARDWICK'S creditors and numerous casinos, private-jet charter companies, and female social companions.

c. Defendant HARDWICK also caused and directed Maurya to wire transfer millions of dollars from MHS to Divot Holdings LLC, a company that defendant HARDWICK owned. Defendant HARDWICK then caused Divot to wire transfer the fraud proceeds to his personal creditors, as well as the casinos, private-jet charter companies, and female social companions he favored.

d. Not only did defendant HARDWICK cause millions of dollars to be wire transferred to casinos to fund his frequent gambling sprees, he paid millions more by check to bookmakers to cover gambling losses that he incurred outside of the casinos.

e. The total amount of money that defendant HARDWICK took from MHS greatly exceeded the amount that he was entitled to receive from MHS, as he well knew and had reason to know at the time.

3

f. Defendant HARDWICK directed Maurya not to tell MHS's minority owners about the excess payments she was making for him out of MHS's accounts.

g. Even though he was the majority owner of MHS, defendant HARDWICK was not authorized to use MHS's trust accounts to pay his personal debts and expenses.

h. Defendant HARDWICK knew and had reason to know that MHS did not keep enough money in its operating accounts to fund all of the payments that he directed Maurya to make on his behalf, and that the only way Maurya could meet his excessive demands for cash was by using the money in MHS's trust accounts.

i. Defendant HARDWICK and Maurya covered-up defendant HARDWICK's unequal distributions and defendant HARDWICK's use of MHS's trust accounts by making false statements, by telling half-truths, and by omitting material facts in their communications with MHS's minority owners.

j. Defendant HARDWICK lulled MHS's minority owners into a false sense of security, delayed their discovery of the fraud, and delayed their complaints to law enforcement by, among other things, telling them that "No money is taken out ever unless the partners are paid their proportion" and by signing written shareholder agreements to that effect.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH TWENTY-TWO
### Wire Fraud

5. The Grand Jury hereby realleges and incorporates by reference the factual allegations contained in paragraphs 2 and 4 of this Indictment as if the same were fully set forth herein.

6. On or about each of the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant,

NATHAN E. HARDWICK IV,

aided and abetted by Asha R. Maurya and by others known and unknown to the Grand Jury, having devised and intending to devise a scheme and artifice to defraud MHS, and for obtaining money and property from MHS by means of false and fraudulent pretenses, representations, and promises, and by the omission of material facts, caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures, and sounds, that is, the wire transfers of funds described in the chart below, for the purpose of executing and attempting to execute such scheme and artifice:

| Count | Date | From | Amount | To |
|---|---|---|---|---|
| 2 | 03/19/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $350,000 | Wells Fargo Bank Account No. x 6072 in the name "Nevada Property 1 LLC DBA The Cosmopolitan of Las Vegas" |

| Count | Date | From | Amount | To |
|---|---|---|---|---|
| 3 | 06/17/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $500,000 | Wells Fargo Bank Account No. x 6072 in the name "Nevada Property 1 LLC DBA The Cosmopolitan of Las Vegas" |
| 4 | 07/05/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $300,000 | Merrill Lynch Account No. x2190 in the name "Divot Holdings, LLC" |
| 5 | 08/07/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $250,000 | Wells Fargo Bank Account No. x 9341 in the name "Beau Rivage Resorts, Inc." |
| 6 | 08/09/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $100,000 | Wells Fargo Bank Account No. x 9341 in the name "Beau Rivage Resorts, Inc." |
| 7 | 09/10/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $150,000 | Wells Fargo Bank Account No. x 9341 in the name "Beau Rivage Resorts, Inc." |
| 8 | 09/13/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $100,000 | Wells Fargo Bank Account No. x 9341 in the name "Beau Rivage Resorts, Inc." |

| Count | Date | From | Amount | To |
|---|---|---|---|---|
| 9 | 09/23/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $500,000 | Wells Fargo Bank Account No. x 6072 in the name "Nevada Property 1 LLC DBA The Cosmopolitan of Las Vegas" |
| 10 | 10/16/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $200,000 | Wells Fargo Bank Account No. x 6072 in the name "Nevada Property 1 LLC DBA The Cosmopolitan of Las Vegas" |
| 11 | 10/16/13 | Merrill Lynch Account No. x2190 in the name "Divot Holdings, LLC" | $200,000 | Wells Fargo Bank Account No. x 6072 in the name "Nevada Property 1 LLC DBA The Cosmopolitan of Las Vegas" |
| 12 | 11/08/13 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $300,000 | Wells Fargo Bank Account No. x 9341 in the name "Beau Rivage Resorts, Inc." |
| 13 | 12/11/13 | SunTrust Bank Account No. x9436, in the name "Morris Hardwick Schneider LLC Operating 2011" | $500,000 | Wells Fargo Bank Account No. x 6072 in the name "Nevada Property 1 LLC DBA The Cosmopolitan of Las Vegas" |
| 14 | 03/20/14 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $300,000 | Wells Fargo Bank Account No. x 9341 in the name "Beau Rivage Resorts, Inc." |

| Count | Date | From | Amount | To |
|---|---|---|---|---|
| 15 | 04/03/14 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $300,000 | Merrill Lynch Account No. x2190 in the name "Divot Holdings, LLC" |
| 16 | 04/18/14 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $199,980 | Merrill Lynch Account No. x2190 in the name "Divot Holdings, LLC" |
| 17 | 04/30/14 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $300,000 | Wells Fargo Bank Account No. x 9341 in the name, "Beau Rivage Resorts, Inc." |
| 18 | 05/23/14 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $219,304 | Merrill Lynch Account No. 2190 in the name "Divot Holdings, LLC" |
| 19 | 06/03/14 | SunTrust Bank Account No. x7328, in the name "Morris Hardwick Schneider LLC GA IOLTA Incoming Wire Account" | $400,000 | Bank of America Account No. x9926 in the name of "Las Vegas Sands, LLC" DBA Venetian |
| 20 | 06/20/14 | SunTrust Bank Account No. x9436, in the name "Morris Hardwick Schneider LLC Operating 2011" | $300,000 | Merrill Lynch Account No. x2190 in the name "Divot Holdings, LLC" |

| Count | Date | From | Amount | To |
|---|---|---|---|---|
| 21 | 06/30/14 | SunTrust Bank Account No. x9436, in the name "Morris Hardwick Schneider LLC Operating 2011" | $321,352 | Merrill Lynch Account No. x2190 in the name "Divot Holdings, LLC" |
| 22 | 07/17/14 | SunTrust Bank Account No. x9436, in the name "Morris Hardwick Schneider LLC Operating 2011" | $400,000 | Merrill Lynch Account No. x2190 in the name "Divot Holdings, LLC" |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWENTY-THREE
### False Statement to a Federally-Insured Financial Institution

7. The Grand Jury hereby realleges and incorporates by reference the factual allegations contained in paragraphs 2 and 4 of this Indictment as if the same were fully set forth herein.

8. In addition, it is relevant to the Indictment that:

a. On or about September 29, 2010, The National Bank of Georgia filed a lawsuit against defendant HARDWICK in the Superior Court of Fulton County, Georgia seeking $5,870,968.19 plus costs and fees related to certain loans.

b. Bellagio, LLC operated the Bellagio Resort & Casino in Las Vegas, Nevada.

c. On or about January 25, 2011, Bellagio, LLC filed a lawsuit against defendant HARDWICK in the District Court of Clark County, Nevada, seeking $250,000 in unpaid gambling debt.

9

9. On or about May 10, 2011, in the Northern District of Georgia, the defendant,

NATHAN E. HARDWICK IV,

knowingly made and caused to be made a false statement in a loan application; namely, the statement "No" in response to the question, "Are there any suits or judgments pending against you?", for the purpose of influencing the actions of First Landmark Bank, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation; namely, to make a loan to defendant HARDWICK in the amount of $25,000, when in truth and in fact, as defendant HARDWICK well knew, the statement was false because The National Bank of Georgia and Bellagio, LLC had suits pending against him at that time.

All in violation of Title 18, United States Code, Section 1014.

## COUNT TWENTY- FOUR
### False Statement to a Federally-Insured Financial Institution

10. The Grand Jury hereby realleges and incorporates by reference the factual allegations contained in paragraphs 2 and 4 of this Indictment as if the same were fully set forth herein.

11. In addition, it is relevant to the Indictment that, on or about December 7, 2011, in connection with Bellagio, LLC's lawsuit against defendant HARDWICK, the court entered judgment against defendant HARDWICK in the amount of $250,000.

12. On or about February 4, 2013, in the Northern District of Georgia, the defendant,

NATHAN E. HARDWICK IV,

knowingly made and caused to be made a false statement in a loan application; namely, the false statement that "the information provided in this application is true and correct as of the date set forth opposite my signature," for the purpose of influencing the actions of First Landmark Bank, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation; namely, to make a loan to defendant HARDWICK in the amount of $2,425,000, when in truth and in fact, as defendant HARDWICK well knew, the answers provided in the application in response to Question 8a ("Are there any outstanding judgments against you?") and Question 8d ("Are you a party to a lawsuit?") were false in that they omitted the pending lawsuit and judgment against defendant HARDWICK by Bellagio, LLC.

All in violation of Title 18, United States Code, Section 1014.

## COUNT TWENTY-FIVE
### False Statement to a Federally-Insured Financial Institution

13. The Grand Jury hereby realleges and incorporates by reference the factual allegations contained in paragraphs 2 and 4 of this Indictment as if the same were fully set forth herein.

14. In addition, it is relevant to the Indictment that:

     a. NetJets Aviation, Inc. and NetJets Sales, Inc. (collectively, "NetJets") offered private aircraft charter, leasing, and fractional share ownership services to members of the public.

     b. On or about July 5, 2011, NetJets filed a lawsuit against defendant HARDWICK in the Franklin County, Ohio Court of Common Pleas seeking $966,548.70 in unpaid flight services.

     c. On or about September 12, 2011, the court entered judgment against defendant HARDWICK in the amount of $1,003,327.17.

     d. In or about February 2013, defendant HARDWICK signed a written settlement agreement with NetJets in which he agreed to pay NetJets $1,003,327.17 to resolve the lawsuit against him, to be paid in 30 equal monthly installments of $33,444.24 until mid-2015.

15. On or about March 21, 2014, in the Northern District of Georgia, the defendant,

NATHAN E. HARDWICK IV,

knowingly made and caused to be made a false statement for the purpose of influencing the actions of First Landmark Bank, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation; namely, the false statement that defendant HARDWICK was required to pay a minimum of $10,000 per month to NetJets under his settlement agreement with NetJets, but that he voluntarily paid a greater amount to pay off his debt more quickly, in order to obtain a line of credit from First Landmark Bank in the amount of $500,000, when in truth and in fact, as defendant HARDWICK well

12

knew, defendant HARDWICK was required to pay NetJets a minimum of $33,444.24 per month under his February 2013 settlement agreement with NetJets.

All in violation of Title 18, United States Code, Section 1014.

## FORFEITURE PROVISION

16. Upon conviction of any of the offenses alleged in Counts 1 through 22 of this Indictment, defendant HARDWICK shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of such violation(s).

17. In addition, upon conviction of any of the offenses alleged in Counts 23 through 25 of this Indictment, defendant HARDWICK shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as a result of such violation(s).

18. If any of the above-described forfeitable property, as a result of any act or omission of defendant HARDWICK:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b) or Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A _TRUE_ BILL

_____
FOREPERSON

BYUNG J. PAK
*United States Attorney*

J. RUSSELL PHILLIPS
*Assistant United States Attorney*
Georgia Bar No. 576335

DOUGLAS W. GILFILLAN *by JRP*
*Assistant United States Attorney*
Georgia Bar No. 294713

LYNSEY M. BARRON *by JRP*
*Assistant United States Attorney*
Georgia Bar No. 661005

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
404-581-6000