FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 6 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **United States of America,** | Criminal Action File No. 1:16-CR-00065-ELR |
| Plaintiff, | |
| v. | **Motion to Quash Witness Subpoena under Rule 45(d)(3)(B)(ii)** |
| **Hardwick,** et al., | |
| Defendants. | |

Non-party, unretained expert witness Douglas V. Chandler, Esq., and Chandler & Moore Law, LLC (collectively, "Chandler") file this Motion to Quash Witness Subpoena in a criminal case under Federal Rule of Civil Procedure 45(d)(3)(B)(ii). A true and correct copy of the subpoena served upon Chandler is attached as Exhibit A. For the reasons below, this Court should enter an order quashing the witness subpoena.

1.     On or about June 16, 2017, Chandler had a phone call with Robin Loeb ("Ms. Loeb"), an attorney whose firm Chandler understood was representing Defendant Hardwick. Ms. Loeb explained that the purpose of the call was to discuss Chandler potentially serving as an

expert witness on behalf of Defendant Hardwick. Ms. Loeb asked Chandler whether he could be listed as a potential witness and Chandler agreed. However, Chandler made it clear to Ms. Loeb that he would not serve as an expert witness unless and until he was officially retained by payment of a replenishing retainer deposit and execution of an expert engagement letter, neither of which occurred.

2.      Chandler had no further contact with counsel for Defendant Hardwick after June 16, 2017, until January 8, 2018, when Chandler was advised by Ms. Loeb that Chandler would not be retained as an expert witness and that defense counsel had earlier notified the Government of that fact on or about December 18, 2017.

3.      Despite this, on or about December 28, 2017, Chandler accepted service of the Witness Subpoena attached as Exhibit A, delivered by e-mail from Assistant United States Attorney Douglas W. Gilfillan ("Gilfillan"), counsel for Plaintiff United States of America in this case.

4.      In subsequent email communications with Gilfillan on or about January 4, 2018, Chandler learned that the purpose of the Subpoena was to call Chandler to testify at a *Daubert* hearing on or about January 18, 2018 in the above-styled case.

5.     Fed. R. Civ. Pro. 45(d)(3)(B)(ii) provides that a motion to quash a witness subpoena is permitted "[t]o protect a person subject to or affected by a subpoena … if it requires: … (ii) disclosing an unretained expert's opinion …."

6.     Because Chandler has never been retained by Defendant Hardwick, this Court should grant the relief requested by Chandler and quash the Government's Subpoena. A Proposed Order is attached for the Court's convenience as Exhibit B.

### FONT AND POINT CERTIFICATION

Under Local Rule 7.1D, I certify that this Motion to Quash Witness Subpoena under Rule 45(d)(3)(B)(ii) has been prepared using double-spaced Times New Roman at 14 point, unless otherwise permitted by Local Rule 5.1C.

Respectfully submitted this 16th day of January, 2018.

/s/ Douglas V. Chandler
Douglas V. Chandler
Georgia Bar No. 783525
Bret S. Moore
Georgia Bar No. 601608
CHANDLER & MOORE LAW, LLC
2900 Chamblee Tucker Road
Building 14, Suite 200
Atlanta, GA 30341
(404) 593-2670

MOTION TO QUASH WITNESS
SUBPOENA UNDER RULE
45(d)(3)(B)(ii)

3 / 4

CRIMINAL ACTION NO.
1:16-CR-00065-ELR

(404) 593-2671 fax
douglas@chandlermoorelaw.com
bret@chandlermoorelaw.com