IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:16-CR-65 |
| | ) | |
| NATHAN E. HARDWICK, IV | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT HARDWICK'S MOTIONS IN LIMINE</u>**

On July 20, the government filed its Motions in Limine (Doc. 153). Three basic issues are raised in that Motion: (1) Evidence of Hardwick's "extravagant spending" should be admitted virtually without limitation; (2) Evidence that Hardwick intended to pay back the victims of his thefts should be prohibited; and (3) Evidence that Hardwick's "victims" engaged in unethical business practices should be excluded.

The defense had intended to file Motions in Limine that specifically addressed the first two issues: The defendant intended to seek the exclusion of evidence of Hardwick's "extravagant spending" and was planning to file an affirmative motion in limine to permit the introduction of evidence relating to the practice of the law partners of "truing up" their respective draws at the end of the year (which arguably relates to the second of the government's Motions in Limine). The defense also will

1

move in limine to prohibit the introduction of other evidence that the government may agree is not going to be offered by the government in any event.

In order to be efficient and to avoid serial briefs on the same topic from both parties, the government agrees with the defense that with respect to the "extravagant spending" issue, the defense will respond to the government's motion seeking the admission of this evidence and that will properly join the issue, instead of filing both a response to the government's motion, as well as his own motion in limine, thus prompting another brief from the government on this same issue.

With respect to the "intent to repay the victims," the defense believes, after consultation with the government, that there may be little in the way of controversy on this issue. Hardwick agrees that if a defendant *knowingly* steals money from a victim (for example, client funds from the law firm escrow account), the contemporaneous intent to repay the money in the future is not a defense and is not even relevant evidence on the question of guilt-innocence. If, however, a person receives money *not knowing* that the money represents client funds from a trust account, his lack of knowledge is most certainly relevant *and* if, after learning that the money was client money, the defendant endeavors to repay the money, this, too, is not irrelevant. In other words, it is only if the defendant knows he is unlawfully taking client money at the time he takes it, that an intent to repay is irrelevant.

In addition, the fact that Hardwick received money from what was described as an "escrow" account does not necessarily mean that the money was client money, or that he was not entitled to receive a draw from that account. This issue was described in some detail in a prior brief filed with the court (Doc. 130, pages 11–15). Some of the money was not "client" money and was actually law firm fees that were not transferred into the operating account. Other money in these accounts was parked there when money was wired into the firm (and was not client money). If the government's motion seeks to bar any evidence that the defendant sought to return money obtained from the escrow account, simply by virtue of the fact that the money came from the escrow account (without proof that the defendant *knew* that the money was client money), the defense will oppose this aspect of the government's motion.

More important, the defense contends that if the government's motion is intended to bar the introduction of evidence that the partners would "even up" their draws at the end of the year, this will be contested. In other words, as the defense explained eight months ago in a brief filed with the court (Doc. 130, pages 6-9), the law partners would often take "draws" periodically from the firm in unequal amounts. At various intervals, the partners would then "even up" their draws so that they would receive the correct percent according to the partnership agreement. Thus, if (hypothetically), three law partners agree that they will split the profits 33.3%

3

each, it would not be a theft for one partner to take $5,000 in January, while the other two partners received $3,000 if, at the end of the year, the partners review the draws and redistribute the money so that each has received the same amount.[1]  This process of leveling the draws would occur either at a time requested by a partner, or at random times during the year when deemed necessary by the CFO or to facilitate the filing of tax returns.

These issues, too, are best addressed in Hardwick's response to the government's motion.  Consultation with the government may, as noted above, result in a consent agreement on these points, or at least minimize and refine the points of disagreement.

This Motion, therefore, addresses certain other matters that the defense contends have no place in this trial.  The government should be barred from introducing any evidence or argument on these matters and should instruct its witnesses not to testify about any of these matters.

## **DEFENDANT'S MOTIONS IN LIMINE**

Throughout the pretrial litigation and in particular at the detention hearing, various allegations were made about Nathan Hardwick. Presumably, the government

---

[1] Re-distribution can occur either by one partner paying money back to the firm, or giving money directly to one or both of the other partners, or simply executing a promissory note to the firm or the other partners.

will agree that much of this evidence is not admissible.[2] The defense agrees, too, that during the progress of the trial, things happen (doors are opened) that could alter pretrial rulings. But at the outset, the defendant contends that the following evidence should not be admitted, there should be no statements of government counsel about these matters, and the government's witnesses should be instructed not to testify about any of these matters unless a prior ruling from the court permits such testimony:

- Allegation the Defendant solicited sex and asked women to send him nude photos (Detention Hearing Transcript [hereinafter "DH"] 14)
- Allegation that the Defendant sexually harassed his secretary (DH 14)
- Allegation that he bragged about dating a 22-year-old (DH 14)
- Allegations of filing any false tax returns (DH 14)
- Allegation of physical abuse of his fiancé and failure to pay child support (DH 20)
- The Defendant was held in contempt in his divorce action (DH 49)
- The Defendant was a bad husband and/or father
- The Defendant lied to Julia Olivares or Heather Inman about being faithful

---

[2] In good faith, the government and the defense discussed "common ground" on these issues and we anticipate that prior to oral argument on any of these issues, we can prepare a consent order. Many of these issues, however, will be contested.

5

- The law firm's collapse. This evidence should be excluded because it will require a lengthy analysis at trial about whether (and how) the firm ultimately collapsed due to a variety of problems, including conduct and decisions made by the remaining partners, as well as the lawsuits that followed the dissolution of the partnership
- Sexual harassment claims
- Heather Inman and failure to pay child support
- Steve Miller's loan didn't get paid back when Nat said he would. (Remote in time, 2008)
- Claims re: Hardwick intending to commit suicide or flee the country
- Hardwick's mother removed "cash" from his house
- The existence of the civil lawsuits (including the Complaint and other pleadings filed in that case)

With respect to most of these issues, the evidence is not admissible as impeachment under Rule 608(b) and is barred by the command of Rule 404. Indeed, there is simply no relevance to any issue in the case of most of these matters (other than to vilify the defendant in a way that does not relate to his guilt or innocence), and to the extent that there is some tangential relevance, the unfair prejudicial impact of such evidence, and the necessity of initiating a "trial within the trial" on a tangential issue, far outweighs any conceivable relevance. *See generally United*

*States v. Hands*, 184 F.3d 1322 (11th Cir. 1999) (evidence in drug trial that defendant beat his wife was reversible error, despite the fact that the wife testified and the government argued that her "motive" to support her husband was her fear); *United States v. Gamory*, 635 F3d 480 (11th Cir. 2011) (evidence in defendant's drug trial that his video produced by the defendant referred to sex, degradation of women and violence); *United States v. Gonzalez*, 833 F.2d 1464 (11th Cir. 1987) (evidence that was introduced for the sole purpose of showing that the defendant was a "bad person" was improperly admitted); *United States v. Baker*, 432 F.3d 1189 (11th Cir. 2005) (introduction of various acts of violence during drug conspiracy trial required reversing certain defendants' convictions); *United States v. Mills*, 138 F.3d 928 (11th Cir. 1998); *United States v. LeQuire*, 943 F.3d 1554 (11th Cir. 1991); *United States v Chavez*, 204 F.3d 1305 (11th Cir. 2000).

        RESPECTFULLY SUBMITTED,

        **GARLAND, SAMUEL & LOEB, P.C.**

        /s/ *Edward T.M. Garland*
        EDWARD T.M. GARLAND
        Georgia Bar No. 284900

        /s/ *Donald F. Samuel*
        DONALD F. SAMUEL
        Georgia Bar No. 624475

/s/ *Kristen Wright Novay*
KRISTEN WRIGHT NOVAY
Georgia Bar No. 742762
**Counsel for Defendant Hardwick**

3151 Maple Drive, N.E.
Atlanta, GA 30305
Phone: 404-262-2225
Fax: 404-365-5041
etg@gsllaw.com
dfs@gsllaw.com
mdd@gsllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 1:16-CR-65 |
| | ) | |
| NATHAN E. HARDWICK, IV | ) | |
| | ) | |
| Defendant. | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the within and foregoing DEFENDANT HARDWICK'S MOTIONS IN LIMINE with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

This 23rd day of July, 2018.

/s/ *Donald F. Samuel*
DONALD F. SAMUEL
Georgia Bar No. 624475