IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | First Superseding |
| v. | * | Criminal Indictment |
| | * | |
| NATHAN E. HARDWICK | * | 1:16-CR-00065-ELR |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

Defendant has filed a Motion for Reconsideration of the Court's August 13, 2018 Order [Doc. 194] granting the Government's Motion in Limine to exclude the expert testimony of defense accounting expert, Jean-Pascal ("J.P.") Gingras. [Doc. 212]. For the reasons set forth below, the Court grants Defendant's Motion for Reconsideration.

On August 13, 2018, the Court entered an Order excluding Defendant's witness, J.P. Gingras, because Defendant had not complied with Fed. R. Crim. P. 16 in disclosing Gingras as an expert. Having now reviewed Defendant's Motion for Reconsideration, the Government's Response thereto, and Defendant's Reply, the Court reverses its ruling and will allow Gingras to testify.

First, after a thorough review of the record and the parties' recently submitted dueling arguments about whether Defendant complied with Rule 16 in disclosing

Gingras as an expert, the Court finds that Defendant's compliance with Rule 16 is a close call. Nevertheless, the Court is persuaded by Defendant's argument that exclusion of Defendant's witness is a drastic sanction that may implicate his ability to present his defense and does not warrant Defendant's possible Rule 16 disclosure violation. "A defendant's right to present a defense is grounded in the Fifth Amendment's guarantee of due process and the Sixth Amendment's Compulsory Process Clause, but that right is not boundless." United States v. Blair, 493 F. App'x 38, 52 (11th Cir. 2012) (citing Taylor v. Illinois, 484 U.S. 400, 409-10 (1988)). "Relief for violations of discovery rules lies within the discretion of the trial court; a defendant must show prejudice to his substantial rights to warrant reversal of that discretion." United States v. Petrie, 302 F.3d 1280, 1289 (11th Cir. 2002). After a careful review, the Court finds that Defendant has shown that exclusion of Gingras would prejudice his substantial rights to present his defense. The Court does not conclude that this is a case where Defendant was willfully withholding expert opinion or attempting to obtain a tactical advantage, such that exclusion is warranted. See Taylor, 484 U.S. at 415 ("A trial judge may certainly insist on an explanation for a party's failure to comply with a request to identify his or her witnesses in advance of trial. If that explanation reveals that the omission was willful and motivated by a desire to obtain a tactical advantage that would minimize the effectiveness of cross-examination and the ability to adduce rebuttal evidence, it would be entirely consistent

2

with the purposes of the Compulsory Process Clause simply to exclude the witness' testimony."). Additionally, the Government failed to respond to this argument. Therefore, the Court reverses its previous ruling excluding Gingras' testimony.

As further support that Gingras should be allowed to testify, the Court notes that Defendant has now offered a proffer of his testimony along with Defendant's Motion for Reconsideration. [Doc. 212-3]. This quashes any lingering doubt that the Government is not on notice about his testimony.

Second, having cleared the Rule 16 hurdle, the Court now turns to whether Gingras is qualified pursuant to Daubert. The Court has set out the full and appropriate standard under Daubert in its August 13, 2018 Order and need not repeat it here. [Doc. 194 at 3-6]. The Court finds that Gingras is qualified to testify competently about the matters he intends to address, the methodology by which he reaches his conclusion is sufficiently reliable, and his testimony will assist the trier of fact. See United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). Specifically, as to whether Gingras' methodology is reliable, Gingras intends to testify about the accounting "step-by-step process" he believes should be used for determining whether the amount of distributions paid was appropriate. To be clear, Gingras' opinion is the process he thinks should be used. He states that the basis for his opinion about which process should be used comes from IRS Publication 541, Partnerships; generally accepted accounting rules relied upon by accountants and forensic accountants in the

3

industry; shareholder agreements of the MHS Law LLC and LandCastle Title LLC; and other sources. Thus, while he will be speaking on the "step-by-step process" to be used in this case to determine the distributions, his own methodology to form his opinions – by relying on accounting principles and these sources – is sufficiently reliable. Therefore, the Court finds that he meets the Daubert standard.

Third, the Government has argued against reversal because it will not have an opportunity to cross-examine Gingras and/or retain and prepare for a rebuttal witness. The Court notes that Defendant disclosed Gingras as early as June 2017, and despite this, the Government has maintained its position that it would not need any expert (rebuttal or otherwise). However, out of an abundance of caution, to alleviate any possible prejudice to the Government, and given the Court's reversal of its ruling at this late stage, the Court will allow the Government an opportunity to voir dire Gingras. The Court will reserve the first day of the trial for the government's voir dire of Gingras, on **Monday, September 17, 2018, at 10:00 a.m.** The Court directs the Government to inform the Court of whether it needs additional time for a rebuttal expert on Tuesday, September 18, 2018, when Court convenes at 9:00 a.m.

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Reconsideration of the Court's August 13, 2018 Order granting the Government's Motion in Limine to exclude the expert testimony of defense accounting expert, Jean-Pascal ("J.P.") Gingras. [Doc. 212].

**SO ORDERED**, this 10th day of September, 2018.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia